## Alexandria

BERNARD SINGLETON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0628-92-4

Decided August 3, 1993

COUNSEL

J. Amy Dillard, Assistant Public Defender, for appellant.

Virginia B. Theisen, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Robert B. Condon, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, the defendant contends that the trial court erred in denying his request for funds with which to employ "an expert in the field of eyewitness identifications to testify on his behalf at trial." We hold that the trial court did not abuse its discretion in denying the motion. We do not address whether the testimony of such an expert is admissible.

Although a court is not constitutionally required to provide an indigent defendant with the services of an expert in this field, *Townes v. Commonwealth*, 234 Va. 307, 332, 362 S.E.2d 650, 664 (1987), *cert. denied*, 485 U.S. 971 (1988), a trial court is authorized to "direct the payment of such reasonable expenses incurred by . . . [a] court-appointed attorney as it deems appropriate under the circumstances of the case." Code § 19.2-163(2). Thus, any such expense must be both "reasonable" and "appropriate under the circumstances of the case."

Reasonableness addresses the amount of the expense. A trial court is not permitted to direct payment of such an expense if it is of an unreasonable amount.

Appropriateness addresses whether the purpose of the expense is suitable for the particular case. An expense would not be justified, even if reasonable in amount, if it served little or no purpose in the particular case.

In this case, the argument and proffer before the trial court addressed only the question of appropriateness, not that of reasonableness. The argument presented to the trial court dealt with the admissibility of expert testimony on the subject of eyewitness identification, an unresolved question in the Commonwealth. *But see* Annotation, *Admissibility, at Criminal Prosecution, of Expert Testimony on Reliability of Eyewitness Testimony*, 46 A.L.R.4th 1047 (1986 & Supp. 1992). The defendant made no proffer of the anticipated cost of such an expert's services, who the expert would be, or the qualifications of the proposed expert. In fact, defense counsel told the court that granting the motion would require a continuance of the trial in

order to obtain the services of an expert. The defendant sought a blank check with which to shop for an expert.

The trial court did not, therefore, abuse its discretion in denying the defendant's motion. We do not decide whether the testimony of an expert in the field of eyewitness identification was admissible in this case. The judgment of conviction is affirmed.

*Affirmed.*

Coleman, J., and Koontz, J., concurred.