COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

LEONARD SIMMS WOODEN

v.        Record No. 2173-93-4        MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                     MAY 2, 1995


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                  LeRoy F. Millette, Jr., Judge

      Darrell M. Allen for appellant.

      Donald R. Curry, Senior Assistant Attorney General (James S.
      Gilmore, III, Attorney General, on brief), for appellee.


      Leonard Simms Wooden (appellant) was convicted in a jury

trial of rape in violation of Code § 18.2-61.  On appeal, he

argues that the trial court erred in:  (1) failing to allow

evidence of the post-incident relationship between appellant and

the victim; (2) failing to allow evidence of a Maryland acquittal

verdict in a similar case involving appellant and the victim; and

(3) denying appellant's counsel's request for reimbursement of

defense expenses.  For the reasons that follow, we affirm the

trial court.

      Appellant and the victim had a sexual relationship that

began in the summer of 1991 and continued until October 24, 1992,

when the victim stopped seeing appellant.  On the evening of

November 4, 1992, appellant met the victim as she drove to her

home.  He entered the driver's side of her car and drove to a

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

logging trail on Bull Run Mountain in Prince William County. The victim testified that he forced her to have sexual intercourse and perform oral sex on him. Appellant then drove to Reston, where he left the car. The victim immediately reported the rape to the Fairfax County Police Department. In a separate incident, appellant was tried by a jury on similar charges in Talbot County, Maryland, and was acquitted prior to the Virginia trial.

Before trial, appellant submitted a motion in limine to allow evidence of: (1) the prior sexual relationship of the parties, and (2) the Maryland trial and verdict. The court held that the prior sexual conduct of the parties was admissible pursuant to Code § 18.2-67.7(A)(2). Appellant moved to introduce the Maryland trial and verdict to show that the victim had a pattern of making false accusations against appellant. The judge denied this part of the motion and noted that "a not guilty or an acquittal may have been the result of a failure for witnesses to appear or failure of evidence--for a whole lot of reasons other than the fact that it was just a false statement." Appellant objected to the court's ruling. At trial, appellant did not attempt to introduce evidence of the post-incident relationship of the parties, including the Maryland incident.

The court also denied appellant's pre-trial request for funds to employ an investigator. After trial, the court found it had no authority to grant appellant's ex parte motion for witness

fees and expenses for Detective David Sears, a Maryland police officer who testified as a fact witness concerning the condition of the victim's car.

## EVIDENCE OF THE POST-INCIDENT RELATIONSHIP

Appellant argues that the trial court erred in failing to allow evidence of his post-incident relationship with the victim.

> Code § 18.2-67.7 provides as follows:
> general reputation or opinion evidence of the complaining witness's unchaste character or prior sexual conduct shall not be admitted. Unless the complaining witness voluntarily agrees otherwise, evidence of specific instances of his or her prior sexual conduct shall be admitted only if it is relevant and is:
> 2. Evidence of sexual conduct between the complaining witness and the accused offered to support a contention that the alleged offense was not accomplished by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness, provided that the sexual conduct occurred within a period of time reasonably proximate to the offense charged under the circumstances of this case . . . .

"Prior sexual conduct" of a complaining witness includes "any sexual conduct on the part of the complaining witness which took place before the conclusion of the trial, excluding the conduct involved in the offense alleged."  Code § 18.2-67.10(5).  See also Currie v. Commonwealth, 10 Va. App. 204, 207, 391 S.E.2d 79, 81 (1990).

At the motion hearing, the judge ruled that evidence of "prior sexual conduct" between appellant and the victim would be

3

admissible at trial.  Under Code § 18.2-67.10(5), "prior sexual conduct" includes the Maryland incident because it occurred before the conclusion of the Virginia trial and was reasonably proximate to the November 4, 1992 incident.  The trial court's ruling allowed evidence of the parties' ongoing relationship, but, as a matter of trial strategy, appellant chose not to pursue it.  This does not constitute trial error.

### EVIDENCE OF THE ACQUITTAL VERDICT

Appellant further argues that the trial court erred in failing to allow appellant to introduce the Maryland verdict of acquittal into evidence.  We hold that the trial court properly excluded the Maryland trial results.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).  "'[E]vidence is relevant if it tends to establish the proposition for which it is offered.'  Evidence is material if it relates to a matter properly at issue." Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citation omitted).

The court's exclusion of the Maryland trial and acquittal verdict was not an abuse of discretion.  The blanket acquittal in the Maryland trial failed to prove that the victim "lied" or made

4

a "false accusation."  Rather, a general verdict of acquittal can be read only for the proposition that the prosecution failed to prove each of the required elements beyond a reasonable doubt. The Maryland verdict is not relevant to whether appellant committed rape on November 4, 1992.

## REIMBURSEMENT OF EXPENSES

Finally, appellant argues that the trial court erred in denying his request for reimbursement of expenses associated with an investigator and an out-of-state, non-expert witness.

Code § 19.2-163 provides that "[t]he circuit or district court shall direct the payment of such reasonable expenses incurred by such court-appointed attorney as it deems appropriate under the circumstances of the case."  (Emphasis added).  See Singleton v. Commonwealth, 16 Va. App. 841, 842, 433 S.E.2d 507, 508 (1993).  Under the circumstances of this case, the court did not abuse its discretion in failing to award appellant his requested expenses for an investigator or the $400 appearance fee for the Maryland detective.

Accordingly, the decision of the trial court is affirmed.

<span style="float:right">Affirmed.</span>