COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia

JONATHAN ALEXANDER GRANGER

v.      Record No. 2580-93-3        MEMORANDUM OPINION[*] BY
                                  JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                JULY 18, 1995


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge

James Hingeley (Office of the Public Defender, on brief),
for appellant.

Michael T. Judge, Assistant Attorney General (James S.
Gilmore, III, Attorney General, on brief), for
appellee.


Jonathan Alexander Granger (appellant) was convicted in a bench trial of murder and attempted rape. On appeal, he argues that the trial court erred in denying his request for funds to hire a medical expert to examine the cause of the victim's death. Finding no error, we affirm the convictions.

On July, 26, 1993, Joyce Abrams (the victim) and Calvin Spriggs (Spriggs) were visiting appellant at his home in the City of Lynchburg. Spriggs and the victim had sex on the living room sofa while appellant sat in a nearby chair. When Spriggs got off the sofa, appellant got out of his chair and pushed the victim back down on the sofa. She resisted and yelled for him to stop. During the struggle, the inside pane of the window near the sofa was broken. At 5:00 p.m., appellant's neighbor heard a window

---

[*]Pursuant to Code § 17.116.010 this opinion is not designated for publication.

break and saw the bleeding victim lying just below appellant's living room window. Appellant leaned out the front door and yelled: "Don't come back in the house again."

When the police and rescue team arrived, the medic noted "a deep gash to the groin area that went up into the chest cavity" and applied pressure to stop the severe bleeding from the right femoral artery. The victim died on July 27, 1993.

Before trial, on September 13, 1993, appellant filed a motion requesting funds to hire a medical expert to advise him concerning other possible causes of the victim's death. The medical examiner's report indicated the cause of death as "diffuse or disseminated intravascular coagulation secondary to malicious wounding of right femoral vessels," and hospital records listed cause of death as cardiac arrest. Appellant argued that there was a discrepancy between the medical records and the medical examiner's report. The trial judge denied the motion but stated:

> [A]t this point you have not . . . even talked to or determined whether or not there is a discrepancy between the two people that saw the body of the victim as to the cause of death. So at this point I say that I can't say that there's a reasonable request. . . .
>
> If there's a timely showing of some details, I may reconsider.

Appellant filed a second motion on September 24, 1993. Appellant asserted that he had found an expert who thought that the victim's death raised "reasonable medical questions meriting

examination by a medical expert."  The trial judge denied the motion because he had "not heard anything that would indicate . . . that any sort of another medical examination should be performed."

> Code § 19.2-163 provides as follows:
> The circuit or district court shall direct the payment of such reasonable expenses incurred by such court-appointed attorney <u>as it deems appropriate under the circumstances of the case.</u>

(Emphasis added).  <u>See</u> <u>Singleton v. Commonwealth</u>, 16 Va. App. 841, 842-43, 433 S.E.2d 507, 508 (1993) (holding that authorization for expert expenses is within the trial court's discretion).  An indigent defendant has "no constitutional right requiring the Commonwealth to provide funding of this type of expert assistance."  <u>O'Dell v. Commonwealth</u>, 234 Va. 672, 686, 364 S.E.2d 491, 499, <u>cert. denied</u>, 488 U.S. 871 (1988).  <u>See also</u> <u>Townes v. Commonwealth</u>, 234 Va. 307, 332, 362 S.E.2d 650, 664 (1987), <u>cert. denied</u>, 485 U.S. 971 (1988).

Under these circumstances, we hold that the trial court did not abuse its discretion in denying appellant's request for expert assistance.  Appellant failed to establish the necessity of a court-appointed expert because there was no showing of a discrepancy as to the victim's cause of death.  He never spoke to the two doctors who examined the victim as instructed by the court and merely presented a potential expert who thought that the victim's death raised "reasonable medical questions."  At

trial, both the medical examiner and the hospital doctor agreed that the laceration in the groin area was the cause of the victim's death.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.

4